The Honorable Everett S. Rice Sheriff Pinellas County Sheriff's Office Post Office Drawer 2500 Largo, Florida 33779-2500
Dear Sheriff Rice:
You have requested my opinion on substantially the following question:
Are the per diem and travel expenses of employees of the Sheriff's Office limited by section 112.061, Florida Statutes, when these employees are acting under the authority or direction of the federal government or an agency thereof?
According to your letter, the Florida Caribbean Organized Crime Drug Enforcement Task Force and the Central Florida High Intensity Drug Trafficking Area are multi-agency task forces composed of municipal, county, state and federal law enforcement officers. Pursuant to agreements between the Pinellas County Sheriff's Office and federal law enforcement agencies, deputies participating in the Caribbean task force are deputized by the sponsoring federal law enforcement agency which may be the Drug Enforcement Agency, the Federal Bureau of Investigations, or the United States Customs Service. The High Intensity task force is also federally funded and overseen by the Office of the National Drug Control Policy. Because of the extensive geographical areas covered by these two task forces, deputies participating in the work of the task forces may travel extensively.
Your question relates to reimbursement for travel expenses incurred by sheriff's office employees who are involved in task force activities. Currently, when a deputy assigned to either of these task forces is required to travel, the travel and per diem expenses are paid by the Pinellas County Sheriff's Office based on section 112.061(6), Florida Statutes, and these expenses are then reimbursed by the federal government based on the amount actually paid to the deputy.
While you acknowledge that county employees are generally bound by the provisions of section 112.061, Florida Statutes, relating to reimbursement for official travel, you are uncertain whether sheriff's office employees who are temporarily reassigned to one of these federal task forces are within the scope of section 112.061, Florida Statutes, or should be reimbursed at the rate of other federal employees for any travel and per diem.
Florida's uniform travel expense law for public agencies is set forth in section 112.061, Florida Statutes. The Legislature's intent is that travel expenses and per diem for all public officers, employees, or authorized persons whose travel expenses are paid by a public agency be subject to the rates and limitations set forth in the statute, unless expressly exempted by general law or in conflict with special or local law.[1]
For purposes of section 112.061, Florida Statutes, "[a]gency or public agency" is defined as:
"Any office, department, agency, division, subdivision, political subdivision, board, bureau, commission, authority, district, public body, body politic, county, city, town, village, municipality, or any other separate unit of government created pursuant to law."[2]
Thus, section 112.061, Florida Statutes, provides the method by which travel expenses for county officers, employees, and authorized persons are to be paid. The sheriff is a county officer and payment of expenses for travel by the sheriff and his or her employees or authorized persons is controlled by this section.[3]
While this office does not generally review and comment on the provisions of public agency contracts, I would note that you have provided copies of contracts for the law enforcement task forces upon which your officers serve. The Fiscal Year 2003 "Agreement for the Use of the State and Local Overtime and Authorized Expense Program" is an agreement between your office and the Organized Crime Drug Enforcement Task Force. Relevant provisions of this agreement state:
"5. Any State or local officers assigned to an OCDETF (Organized Crime Drug Enforcement Task Force) investigation in accordance with this agreement are not considered Federal employees and do not take on the benefits of Federal employment by virtue of their participation in the investigation.
* * *
8. The U.S. Department of Justice will reimburse the agency for approved overtime costs and authorized travel and per diem expenses of law enforcement officers assigned to the specified OCDETF investigation. The Agency is responsible for paying its employees for their overtime, travel and per diem expenses."
Thus, the provisions of the agreement into which the sheriff's department has entered provide that department employees assigned to a task force continue as county employees and are not entitled to federal employment benefits by virtue of the agreement. The federal government has agreed to reimburse the sheriff's office for overtime costs and authorized travel and per diem expenses, but the rate at which this reimbursement is to be made is that set forth in section 112.061(6), Florida Statutes.[4]
You specifically mention Attorney General's Opinion 01-58 for the proposition that "county employees are not state travelers for purposes of Class C travel." This opinion considers the language of section 48 of Chapter 01-254, Laws of Florida, which limited subsistence reimbursement under section 112.061, Florida Statutes. This provision implemented the 2001-2002 General Appropriations Act and stated:
For the 2001-2002 fiscal year only and notwithstanding the other provisions of this subsection, for Class C travel, a state traveler shall not be reimbursed on a per-diem basis nor shall a traveler receive subsistence allowance. This paragraph expires July 1, 2002.
The clear terms of this provision made it applicable only to state travelers and eliminated the reimbursement of per diem for Class C travel until July 1, 2002. A similar provision in the 2002 statutes limits reimbursement to state travelers for Class C travel for the 2002-2003 fiscal year.[5] Nothing in this opinion removes county officers, employees, or other authorized persons from the scope of the travel expense reimbursement provisions of section 112.061(6), Florida Statutes.
In sum, it is my opinion that sheriff's department officers and employees are subject to the reimbursement limits provided by section 112.061(6), Florida Statutes, as county officers and employees when acting pursuant to the agreement between the Pinellas County Sheriff's Office and the federal Organized Crime Drug Enforcement Task Force.[6]
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] See, s. 112.061(1), Fla. Stat.
[2] Section 112.061(2)(a), Fla. Stat.
[3] See, s. 112.061(2)(c), (d), and (e), Fla. Stat., which define, respectively "[o]fficer or public officer," "[e]mployee or public employee," and "[a]uthorized person."
[4] I would note that the 2003 Legislature is considering a number of bills which would increase the amounts for per diem and subsistence provided by section 112.061(6), Fla. Stat. See, e.g., SB's 622, 1426, and CS/SB 2672.
[5] See, s. 112.061(6)(d), Fla. Stat. This provision expires July 1, 2003.
[6] Cf., Op. Att'y Gen. Fla. 78-68 (1978), concluding that the board of trustees of a community college district lacked the authority to enter into a contract with a private entity or agency or institution of a foreign government to disburse public funds in lump sum to any such agency or entity from which it was to reimburse public employees at a rate or in a manner different from that provided in section 112.061, Fla. Stat.